IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
GREEN JACKET AUCTIONS, INC.,      *
and RYAN CAREY, on behalf of      *
GREEN JACKET AUCTIONS, INC.,      *
                                  *        CV 118-008
      Plaintiffs,                 *
                                  *
      v.                          *
                                  *
AUGUSTA NATIONAL, INC.,           *
                                  *
      Defendant.                  *
```

# O R D E R

The present action stems from Defendant's attempt to obtain ownership of the domain name "greenjacketauctions.com" (the "Domain Name"). Defendant, Augusta National, Inc. ("ANI"), is a private golf club that operates the world-famous Masters Tournament (the "Masters"). Plaintiff Green Jacket Auctions, Inc. ("GJA"), is an online auctioneer of golf memorabilia that uses the Domain Name and has a history of selling items related to the Masters. Plaintiff Ryan Cary is the founder of GJA who registered the Domain Name with the registrar GoDaddy, LLC ("GoDaddy"). Plaintiffs originally filed suit in this Court to stop GoDaddy from implementing an arbitration decision compelling GoDaddy to transfer ownership of the Domain Name from

Plaintiffs[1] to Defendant.  For reasons that will soon become clear, Plaintiffs seek to dismiss their case on the grounds that: (1) the Court lacks personal jurisdiction; and (2) venue is improper under the first-filed rule.

## I. BACKGROUND

In November 2017, ANI filed an arbitration complaint with the Internet Cooperation for Assigned Names and Number ("ICANN") to challenge Plaintiffs' use of the Domain Name.  ANI claimed that the Domain Name violated its trademark rights and sought to obtain ownership of the Domain Name.  After a hearing in front of a one judge arbitration panel (the "Panel"), ANI prevailed, and the Panel ordered GoDaddy to transfer ownership of the Domain Name from Plaintiffs to ANI in a decision dated December 21, 2017.  The crux of this case concerns Plaintiffs' efforts to appeal this adverse ruling.

The ICANN dispute resolution process is governed by two sets of procedures: the Uniform Domain-Name Dispute-Resolution

---

[1] The parties dispute the extent of Mr. Carey's involvement in this dispute.  Plaintiffs contend that Mr. Carey "does not appear in his personal capacity . . . and he cannot be treated as a real party because his only association with this dispute is a procedural technicality." (Doc. 5 at n.1.)  According to Plaintiffs, Mr. Carey registered the Domain Name "solely on GJA's behalf and is protected by the corporate veil." (Id. at 19.)  Defendant contends, however, that Mr. Carey registered the Domain Name six months before GJA was ever incorporated and that Plaintiffs have presented no documentation that Mr. Carey ever transferred ownership of the Domain Name to GJA. (Doc. 8 at 3.)  Nevertheless, because this dispute is not relevant to the Court's decision today, the Court will simply refer to Mr. Carey and GJA jointly as "Plaintiffs" throughout this opinion.

Policy (the "Policy") and the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules"). (See Uniform Domain-Name Dispute-Resolution Policy, ICANN (Apr. 17, 2018, 1:47 PM), https://www.icann.org/resources/pages/help/dndr/udrp-en; Rules for Uniform Domain Name Dispute Resolution Policy, ICANN (Apr. 17, 2018, 1:47 PM), https://www.icann.org/resources/pages/rules-be-2012-02-25-en.) Regarding appeals of arbitration rulings, Paragraph 4(k) of the Policy states that:

> If an Administrative Panel decides that your domain name registration should be canceled or transferred, we will wait ten (10) business days (as observed in the location of our principal office) after we are informed by the applicable Provider of the Administrative Panel's decision before implementing that decision. We will then implement the decision unless we have received from you during that ten (10) business day period official documentation (such as a copy of a complaint, file-stamped by the clerk of the court) that you have commenced a lawsuit against the complainant in a jurisdiction to which the complainant has submitted under Paragraph 3(b)(xiii) of [the Rules]. (In general, that jurisdiction is either the location of our principal office or of your address as shown in our Whois database. See Paragraphs 1 and 3(b)(xiii) of [the Rules] for details.) If we receive such documentation within the ten (10) business day period, we will not implement the Administrative Panel's decision, and we will take no further action, until we receive (i) evidence satisfactory to us of a resolution between the parties; (ii) evidence satisfactory to us that your lawsuit has been dismissed or withdrawn; or (iii) a copy of an order from such court dismissing your lawsuit or ordering that you do not have the right to continue to use your domain name.

3

Under Paragraph 3(b)(xii) of the Rules,[2] a complaint shall "[s]tate that Complainant will submit, with respect to any challenges to a decision in the administrative proceeding canceling or transferring the domain name, to the jurisdiction of the courts in at least one specified Mutual Jurisdiction." Paragraph 1 of the Rules defines a Mutual Jurisdiction as:

> a court jurisdiction at the location of either (a) the principal office of the Registrar (provided the domain-name holder has submitted in its Registration Agreement to that jurisdiction for court adjudication of disputes concerning or arising from the use of the domain name) or (b) the domain-name holder's address as shown for the registration of the domain name in Registrar's Whois database at the time the complaint is submitted to the Provider.

Thus, to appeal an adverse decision, the appealing party should file in one of the two Mutual Jurisdictions defined by the Rules.

On December 26, 2017, GoDaddy informed ANI and Plaintiffs that it had received the Panel's ruling and that it would "transfer [the Domain Name] in ten (10) business days on January, 10, 2018, unless we receive during this period a complaint following the rules under [Paragraph 3(b)(xii)]." (Doc. 8-3 at 6.) On January 2, Plaintiffs notified GoDaddy that they had filed a complaint in the United States District Court

---

[2] While the Policy references Paragraph 3(b)(xiii) of the Rules, this is clearly a scrivener's error. The Rules were updated in 2015 so that Paragraph 3(b)(xiii) became Paragraph 3(b)(xii). Based upon the context and language of Paragraph 4(k) of the Policy, it is obvious that when ICANN updated the Rules, it merely failed to update the cross-references to the Rules in its Policy.

4

for the Middle District of Florida — the location of "the domain-name holder's address" as specified in the Rules (i.e., Mr. Carey's address) — and on January 3 GoDaddy notified the parties that it would not transfer the Domain Name during the pendency of the legal proceedings. (Id. at 5; see also Green Jacket Auctions, Inc. v. Augusta National, Inc., No. 8:18-cv-012-RAL-TGW (M.D. Fla. Jan. 2, 2018)(the "Florida Case").) On January 5, however, ANI notifed Plaintiffs and GoDaddy that the Middle District of Florida was not a proper jurisdiction under Rule 3(b)(xii). (Id. at 3-4.) ANI argued that it had only submitted to jurisdiction in this Court, or, in the alternative, in Scottsdale, Arizona, as the location of the principal office of the registrar (i.e., GoDaddy). (Id. at 4.) GoDaddy responded to the parties the same day stating that "[a]fter further [sic] [the Domain Name] will be transferred to [ANI] upon the implementation date January 10, 2018 since the received court complaint was not filed in the Mutual Jurisdiction (Scottsdale, Arizona) outlined on the UDRP complaint. However, once [the Domain Name] has been transferred to [ANI] [the Domain Name] will remain locked in [ANI's] account pending outcome of the legal dispute." (Id. at 3.)

On January 9 at 4:22 p.m., one day before the January 10th deadline, Plaintiffs notified GoDaddy that they had filed a new complaint in the United States District Court for the District of Arizona ("Arizona") and requested that GoDaddy **confirm**

5

**receipt and that the [Domain Name] will not be transferred, but will remain on Registrar-Lock pending the outcome of this legal dispute.**" (Doc. 8-3 at 2 (emphasis in original); see also Green Jacket Auctions, Inc. v. Augusta National, Inc., No. 2:18-cv-084-GMS (D. Ariz. Jan. 9, 2018)(the "Arizona Case").) Plaintiffs requested a response by the close of business that same day. (Id.) According to the record, Plaintiffs did not receive one. At 8 a.m. the next day, January 10, Plaintiffs notified GoDaddy that they had filed suit in this Court and requested confirmation that GoDaddy would not transfer the Domain Name. (Id.) GoDaddy responded to this email at 10:45 a.m.: "This is to confirm we have received a copy of a file-stamped court complaint, filed in the proper jurisdiction regarding [the Domain Name]. [The Domain Name] will not be transferred, per the arbitration decision, but will remain on Registrar-Lock pending the outcome of the legal dispute." (Id. at 1.)

On January 23, 2018, ANI filed an answer and counterclaim in this Court. (Doc. 4.) On February 13, 2018, Plaintiffs filed their present motion to dismiss also in this Court. (Doc. 5.) Then, on February 28, 2018, ANI filed a motion to dismiss for lack of jurisdiction in the Arizona Case.

## II. DISCUSSION

Although the parties raise several issues in their briefs, the Court addresses only whether: (1) this Court has personal jurisdiction over Plaintiffs; and (2) the first-filed rule requires this Court to transfer this case to Arizona.

Plaintiffs argue that this Court lacks personal jurisdiction because "[Plaintiffs were] improperly coerced into filing a Complaint in this Court to prevent GoDaddy from causing [them] irreparable harm, which was in violation of [their] right to due process." (Doc. 5 at 6.) But Plaintiffs ignore an elementary rule of civil procedure: personal jurisdiction is a personal right which can be waived. Harris Corp. v. Nat'l Iranian Radio and Television, 691 F.2d 1344, 1353 (11th Cir. 1982) ("Lack of jurisdiction over the person, unlike subject matter jurisdiction, is a waivable defect."). By filing in this Court, Plaintiffs submitted to the power of this Court to rule on the issues requested by them. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) ("We have noted that, because the personal jurisdiction requirement is a waivable right, there are a variety of legal arrangements by which a litigant may give express or implied consent to the personal jurisdiction of the court." (citations and internal quotations omitted)). Had Plaintiffs wanted to avoid litigating in this Court, they should have more closely read ANI's arbitration complaint, filed first in Arizona rather than Florida, and been prepared to request

7

relief, in the form of a preliminary injunction or temporary restraining order, from the Arizona court well prior to the transfer deadline. They cannot now, after seeking relief from this Court, challenge its personal jurisdiction over them.

The Court, however, agrees with Plaintiffs' second argument, that the first-filed rule requires this Court to transfer the case to Arizona. "The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 713 F.3d 71, 78 (11th Cir. 2013). Under the first-filed rule, the court initially seized of the controversy should be the court to decide whether and how any subsequently filed suits should proceed. See id. (citing Sutter Corp. v. P&P Indus., Inc., 125 F.3d 914, 920 (5th Cir. 1997)). A court subsequently seized of the controversy, the second-filed court, should only determine whether "a likelihood of substantial overlap exists" between the two suits. Marietta Drapery & Window Covering Co., Inc. v. North River Ins. Co., 486 F. Supp. 2d 1366, 1370 (N.D. Ga. 2007) (citing Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 605-06 (5th Cir. 1999)). If the second-filed court makes such a determination, "'the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interest of sound judicial administration and judicial

economy, proceed.'" Id. (quoting Cadle, 174 F.3d at 606); see also Sini v. Citibank, N.A., 990 F. Supp. 2d 1370, 1375 (S.D. Fla. 2014) ("'[T]he first-filed rule' requires the first court to be the one to decide whether the rule applies."); Supreme Intern. Corp. v. Anheuser-Busch, Inc., 972 F. Supp. 604, 607 (S.D. Fla. 1997) (finding that the first-filed court "is the more appropriate forum in which to determine whether the first-filed case should proceed, or whether it should give way for reasons of judicial economy to this action.").

The parties do not dispute that the present suit was the second-filed suit. Nor do they dispute that this suit and the Arizona case are nigh identical. Thus, the Court finds that a likelihood of substantial overlap exists between the suits and that Arizona is the proper court to determine how this "second-filed suit" should proceed.[3] See North River Ins. Co., 486 F. Supp. 2d at 1371.

---

[3] This Court's ruling also appears to be consistent with decisions by district courts within the Ninth Circuit. SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002) ("[The first-filed rule] provides that where substantially identical actions are proceeding in different courts, the court of the later-filed action should defer to the jurisdiction of the court of the first-filed action by either dismissing, staying, or transferring the later-filed suit."); Amerifreight, Inc. v. Belacon Pallet Services, LLC, No. 2:15-cv-5607-RSWL, WL 13037420 (C.D. Cal. Nov. 11, 2015) ("If the first-to-file rule applies to a suit, the second-filed court may transfer, stay, or dismiss the proceeding in order to allow the first-filed court to decide whether to try the case.").

## III. CONCLUSION

In sum, the Court finds that is has personal jurisdiction over Plaintiffs, that a likelihood of substantial overlap exists between this suit and the Arizona case, and that the Arizona case was the first-filed suit. Thus, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion to dismiss (doc. 5) and **DIRECTS** the Clerk to **TRANSFER** this case to the United States District Court for the District of Arizona.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of April, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA